IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ISAEL PEREZ,

    Petitioner,               No. CIV-S-07-1289 MCE KJM P

    vs.

KUMA DEBOO,

    Respondent.           FINDINGS AND RECOMMENDATIONS

_____/

Petitioner is a federal prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2241. He is currently serving a sentence of 126 months' imprisonment for several drug-related offenses. Judgment was entered on August 17, 2006 and petitioner's current release date is May 11, 2014. Respondent, the warden of the Federal Prison Camp at Herlong, has filed a motion to dismiss petitioner's habeas application as premature.[1]

Petitioner argues that his rights arising under 18 U.S.C. § 3621(b), have been violated because the warden at his place of incarceration has refused to consider petitioner for

---

[1] After respondent filed his motion to dismiss, petitioner filed an opposition, respondent filed a reply, and then petitioner filed a sur-reply. The local rules of this court provide for the filing of an opposition to a motion and then a reply to the opposition if the party filing the motion so desires. Local Rule 78-230. Sur-replies are not permitted. Therefore, the court will not consider petitioner's October 9, 2007 sur-reply in considering respondent's motion to dismiss.

1

placement in a "Residential Re-entry Center" (RRC) for the remainder of his sentence as provided by 28 C.F.R. §§ 570.20 and 570.21. Title 18 U.S.C. § 3621(b) reads, in relevant part, as follows:

> (b) Place of imprisonment--The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--
>
> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence--
>
> > (A) concerning the purposes for which the sentence was determined to be warranted; or
> >
> > (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28. . .

Sections 570.20 and 570.21 of Title 28 of the Code of Federal Regulations dictate when inmates may be placed in RRCs. Essentially, these regulations indicate that inmates can only be placed in such facilities for the last 10 percent of their sentence for a period of time not to exceed six months. Petitioner argues that sections 570.20 and 570.21 unlawfully limit the discretion granted to prison officials under 18 U.S.C. § 3621(b).

In his opposition to respondent's motion to dismiss, petitioner presents a request he made to a prison official that he be considered for placement in an RRC without the constraints imposed by sections 570.20 and 570.21 and in accordance with the factors identified in 18 U.S.C. § 3621(b). Opp'n, Ex. A at 1-2. Petitioner was informed that, in light of sections 570.20 and 570.21, he would not be considered for RRC placement. Opp'n, Ex. A at 1.

1          Respondent concedes that the validity of sections 570.20 and 570.21 has been
2  called into question. Mot. at 2:7-3:2. Four circuits have struck down the regulations. See
3  Wedelstedt v. Wiley, 477 F.3d 1160 (10th Cir. 2007); Levine v. Apker, 455 F.3d 71 (2d Cir.
4  2006); Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006); Woodall v. Federal Bureau of Prisons,
5  432 F.3d 235 (3d Cir. 2005). The Ninth Circuit will have occasion to consider their validity in
6  Rodriguez v. Smith, No. 07-16014 (9th Cir. filed June 8, 2007).

7          Respondent asserts that even if sections 570.20 and 570.21 are determined
8  invalid, a separate policy provides that BOP is under no obligation to consider petitioner for
9  placement in an RRC at this time. Under BOP Policy Statement 7310.04, attached as Exhibit 1
10  to respondent's motion, BOP officials do not have to consider a prisoner for RRC placement
11  until eleven to thirteen months before prisoner's scheduled release date. Mot., Ex. 1 at 7.
12  Petitioner does not challenge the validity of Policy Statement 7310.04 and on its face it does not
13  appear invalid.[2]

14          In light of the fact that the BOP need not consider petitioner for RRC placement
15  until early 2013, the court will recommend that respondent's motion to dismiss be granted and
16  this action be dismissed.

17          In accordance with the above, IT IS HEREBY RECOMMENDED that:

18          1. Respondent's August 22, 2007 motion to dismiss be granted; and

19          2. This case be dismissed.

20          These findings and recommendations are submitted to the United States District
21  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
22  days after being served with these findings and recommendations, any party may file written
23  objections with the court and serve a copy on all parties. Such a document should be captioned

---

[2] Other judges of this court also have considered Policy Statement 7310.04, in the case of Patron v. Smith, CIV-F-06-1660 AWI TAG. See June 29, 2007 Findings and Recommendations at 5:26-7:9 (adopted in full on July 26, 2007).

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 24, 2008.

_____
U.S. MAGISTRATE JUDGE

1
pere1289.157